PHILLIP A. TALBERT
United States Attorney
JUSTIN J. GILIO
JESSICA A. MASSEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:19-CR-00143-DAD-BAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT AND SETTING TRIAL; ORDER |
| v. | |
| RAUL LOPEZ AND RAFAEL LOPEZ, | COURT: Hon. Dale A. Drozd |
| Defendants. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, the court severed Raul Lopez and Rafael Lopez for a joint trial separate from the remaining codefendants. (Doc. 325).

2. By previous order, a status conference in this case is still set for November 9, 2022 at 1:00 p.m. (Doc. 322).

3. The undersigned parties now move to schedule a trial confirmation hearing on April 17, 2023, at 9:00 a.m., and trial on May 9, 2023, at 8:30 a.m., and to exclude time between June 24, 2022, and May 9, 2023, inclusive, under 18 U.S.C.§ 3161(h)(1)(D), 18 U.S.C.§ 3161(h)(7)(A), B(i), (ii), and Local Code T4.

4. The parties agree and stipulate, and request that the Court find the following:

1

      a)     The government has represented that the discovery associated with this case includes investigative reports, numerous photographs and videos, hundreds of hours of recorded telephone conversations pursuant to wiretap order, cellular phone extractions, and large amounts of cellular telephone precise location data. All this discovery has been either produced directly to counsel and/or made available for inspection and copying.

      b)     Counsel for defendants desire additional time to consult with their clients, conduct further investigation, review the voluminous discovery, prepare for a possible trial, and to continue to explore a potential resolution of the case. Counsel are also waiting to argue several pretrial motions, including motions to suppress wiretap evidence.  A hearings on that motion is set for July 12, 2022.  The court has not yet ruled on any of these pretrial motions, all of which are necessary to advance the case, either by way of pretrial resolution or trial strategy.

      c)     Counsel for defendants believe that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

      d)     Counsel for defendants also note that because of the COVID-19 pandemic, the Fresno County Jail currently has restrictions on movement of inmates and video appearances are limited by the restrictions of the wide-angle camera at the jail, which limits the number of individuals who can appear on camera at a time, making appearing for court and meeting with counsel especially difficult.

      e)     The government does not object to the continuance.

      f)     Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      g)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 24, 2022 to May 9, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(1)(D) and 18 U.S.C.§ 3161(h)(7)(A), B(i), (ii) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by

taking such action outweigh the best interest of the public and the defendant in a speedy trial and the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: June 24, 2022         PHILLIP A. TALBERT
                             United States Attorney

                             /s/ JUSTIN J. GILIO
                             JUSTIN J. GILIO
                             Assistant United States Attorney

Dated: June 24, 2022         /s/ Dan Harralson
                             DAN HARRALSON
                             Counsel for Defendant
                             Rafael Lopez

Dated: June 24, 2022         /s/ Michael William Berdinella
                             Michael William Berdinella
                             Counsel for Defendant
                             Raul Lopez

**ORDER**

Pursuant to the parties' stipulation, a trial confirmation hearing as to defendants Rafael Lopez and Raul Lopez is now scheduled in this action on April 17, 2023, at 9:00 a.m., and a jury trial date of May 9, 2023, at 8:30 a.m. is also scheduled as to the two identified defendants, and time is excluded as to those two defendants between June 24, 2022, and May 9, 2023, inclusive, under 18 U.S.C.§ 3161(h)(1)(D), 18 U.S.C.§ 3161(h)(7)(A), B(i), (ii), and Local Code T4.

IT IS SO ORDERED.

Dated: **June 27, 2022**

_____
UNITED STATES DISTRICT JUDGE